## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY R. PERKINS,<br>700 Quackenbos Street NW<br>Washington, DC 20011<br><br>                Plaintiff,<br><br>v.<br><br>CHECKR, INC.,<br><br>   Serve:  Incorp Services, Inc.<br>             919 North Market Street, Suite 950<br>             Wilmington, DE 19801<br><br>                Defendant. | Civil Action No. 1:18-cv-383 |

## COMPLAINT

COMES NOW the Plaintiff, Gregory R. Perkins ("Plaintiff"), by counsel, and for his Complaint against the Defendant, he alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3. Plaintiff is a natural person residing in Washington, D.C., and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Defendant Checkr, Inc. ("Checkr") is a Delaware corporation that sells consumer reports about Washington, D.C. residents when they apply to work within the District.

5. Checkr is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

**FACTS**

6. In or around October 2016, Plaintiff applied to be a driver for Uber in Washington, D.C.

7. In connection with his employment application, Uber requested Plaintiff's consumer background report from the Defendant.

8. In response to Uber's request, the Defendant provided Uber with Plaintiff's consumer report on or around October 8, 2016.

9. This report stated that Plaintiff had a felony conviction in the District of Columbia for carrying a pistol without a license outside of his home or business.

10. This information was false. Plaintiff does not have a felony conviction.

11. While Plaintiff was charged with this felony, he pled guilty to and was ultimately convicted of a misdemeanor.

12. The information regarding Plaintiff's misdemeanor conviction was readily and publicly available through the District of Columbia Superior Court's website for free.

13. This derogatory and inaccurate reporting caused Plaintiff to suffer actual damages, including loss of the employment opportunity with Uber.

14. Defendant's FCRA violations were willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. For example, Defendant's conduct was

willful because it was intentionally accomplished through its established and systematically executed procedures for compliance with the FCRA.

15. Defendant also knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

16. Upon information and belief, Defendant obtained and had available substantial written materials that apprised it of its duties under the FCRA.

17. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

## COUNT ONE:
### (Violation of 15 U.S.C. § 1681e(b))

18. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

19. The Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it published and maintained concerning the Plaintiff.

20. As a result of this alleged conduct, Plaintiff suffered actual damages, including but not limited to loss of employment and emotional distress, including aggravation, inconvenience, embarrassment, and frustration.

21. The Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

22. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**.

    Respectfully Submitted,
    **GREGORY R. PERKINS**

    By: __/s/ Kristi C. Kelly_____
          Counsel

Kristi Cahoon Kelly, Esq., DC No. 974872
Casey S. Nash, Esq., DC No. 1028868
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: casey@kellyandcrandall.com

*Counsel for Plaintiff*